UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SAMUEL DIAZ                              :
                                         :
v.                                       :   C.A. No. 20-00469-WES
                                         :
LAURA NICHOLSON, et. al.                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff Samuel Diaz, an inmate at the A.C.I., commenced this civil rights action under 42 U.S.C. § 1983 on November 2, 2020. (ECF No. 1). He also filed an Application to Proceed Without Prepayment of the $400.00 civil case filing fee. (ECF No. 2). Plaintiff's Complaint and Application have been referred to me for initial review and screening. See 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

Plaintiff is a prolific pro se litigant who has filed eight lawsuits in which he has sought to proceed in forma pauperis. (See C.A. Nos. 16-636-WES, 17-94-JJM, 20-88-MSM, 20-148-JJM, 20-308-JJM, 20-383-MSM, 20-469-WES, and 20-488-JJM). Plaintiff has been "in and out" of prison dating back to 2004. (See ECF No. 40 in C.A. No. 17-94-JJM). In this case, Plaintiff attacks the current basis for his incarceration, and sues Attorney Generals Laura Nicholson, Judy Davis, and Judges John Flynn and Richard Raspallo, as well as numerous other members of the state judiciary staff. Plaintiff sues each individual in their official capacity and contends, inter alia,

---

[1] Plaintiff requests to be released from prison which is not an available remedy under 42 U.S.C. § 1983. Thus, his Complaint is effectively a Petition for Habeas Corpus under 28 U.S.C. § 2254 and subject to preliminary review under Rule 4 of the Federal Rules governing such petitions.

they committed the "crime of fraud" and that they failed to "notify the proper officials of the illegal acts." (ECF No. 1 at p. 5).

Plaintiff asserts that his lawsuit is a claim under 42 U.S.C. § 1983 and alleges that the basis for his claims is "6th counsel (5th double jeopardy) 8th cruel & unusual punishment 14th Due Process First Right to Speak." Id. at p. 3. He then provides a narrative concerning various events that he contends occurred in connection with several of his state court cases which has resulted in his current prison sentence. As relief, he seeks damages, a declaration that the outlined acts violated his constitutional rights, as well as to "have the judge release Mr. Diaz on the false conviction and arrest whoever allowed this…" Id. at p. 11. He states that he was denied his "right to counsel right to confront witness" and "right to be free from self incrimination" as well as his "right to a trial by jury." Id. at p. 12.

After preliminary review, I recommend that Plaintiff's Complaint be dismissed for the following reasons. First, he fails to state any legally viable claims under 42 U.S.C. § 1983 and seeks relief (release from prison) which is not legally available under 42 U.S.C. § 1983. Plaintiff does name some state actors as Defendants but makes absolutely no factual allegations against them that could possibly state a viable § 1983 claim.

Second, even if Plaintiff sufficiently stated a claim under 42 U.S.C. § 1983, he is effectively asking this Court to retry and reverse his state cases which is beyond the purview of this Federal Court. Such an attempt to end run state criminal proceedings is barred by either the Younger abstention doctrine and/or the Rooker-Feldman doctrine. See Younger v. Harris, 401 U.S. 37 (1971) (preventing a federal court from interfering with an ongoing state criminal prosecution); and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (preventing lower federal courts from sitting in direct review of state court decisions).

Finally, since Plaintiff seeks release from custody, this is effectively a petition for habeas corpus under 28 U.S.C. § 2254. However, even if construed as a habeas petition, Plaintiff's Complaint is procedurally barred because it is apparent from his filings that Plaintiff has not yet exhausted his state court post-conviction relief remedies. Plaintiff states that he "need[s] to do the post conviction" and then alleges it is "done," however a review of the state court docket demonstrates that his post conviction case has been filed, but not reached any conclusion. (See KM-2020-0230 documenting that Mr. Diaz has filed a flurry of motions, including motions for a new trial, default judgment, to dismiss, for change of venue and a petition for writ of habeas corpus, each of which remains pending). Exhaustion of the state court remedies available to a state inmate is required before he may seek habeas corpus relief from federal court. See 28 U.S.C. § 2254(b)(1).

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED for failure to state any legally viable claims and his Application to Proceed without Prepayment of the $400.00 civil case filing fee (ECF No. 2) be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 24, 2020