UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                              )
SAMUEL DIAZ,                         )
                                              )
       Plaintiff,              )
                                              )
  v.                              )          C.A. No. 20-469 WES
                                              )
LAURA NICHOLSON, et al.,    )
                                              )
       Defendants.           )
_____)

**MEMORANDUM AND ORDER**

     On November 24, 2020, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R.&R."), ECF No. 6, which recommended that pro se Plaintiff Samuel Diaz's Complaint, ECF No. 1, be dismissed for failure to state any legally viable claims and his Application to Proceed without Prepayment of the $400 civil case filing fee, ECF No. 2, be denied as moot. Specifically, Judge Almond determined that Plaintiff "fails to state any legally viable claims under 42 U.S.C. § 1983 and seeks relief (release from prison) which is not legally available under 42 U.S.C. § 1983. Plaintiff does name some state actors as Defendants but makes absolutely no factual allegations against them that could possibly state a viable § 1983 claim." R.&R. 2. Further, even if Plaintiff had sufficiently stated a claim under 42 U.S.C. § 1983, the Court cannot retry and reverse his state cases. R.&R. 2. These actions are, as applicable, barred by the Younger abstention doctrine

preventing federal courts from interfering with ongoing state criminal prosecution and the Rooker-Feldman doctrine preventing lower federal courts from directly reviewing state court decisions. R.&R. 2 (citing Younger v. Harris, 401 U.S. 37 (1971), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Finally, because Plaintiff "seeks release from custody," Judge Almond construed Plaintiff's Complaint as a petition for habeas corpus under 28 U.S.C. 2254, in which case Plaintiff is procedurally barred because he has not yet exhausted his state court post-conviction remedies. R.&R. 3.

Plaintiff has filed a flurry of motions over the last several weeks. Plaintiff filed two Motions for Appointment of Counsel, ECF Nos. 3, 7, which were referred to Judge Almond, who subsequently denied both motions. See Mem. and Order, ECF No. 8. On December 8, 2020, the due date by which Plaintiff was required to file his objection, Plaintiff filed a Motion for Speedy Trial, ECF No. 9. Plaintiff later filed another Motion for Appointment of Counsel, ECF No. 15, a Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 16, a Motion for Order to Show Cause, ECF No. 20, a Motion for Discovery, ECF No. 21, a Motion to Amend the Complaint, ECF No. 23, and a Petition for Writ of Habeas Corpus, ECF No. 24.

While the Court understands that Plaintiff is pro se, none of the arguments Plaintiff has made in his Motion for Speedy Trial,

which this Court construes as his objection to the R.&R., nor any of the motions he has filed since that time (including Plaintiff's Proposed Amended Complaint, ECF No. 23-1), object with any credible reasoning to the R.&R.'s basic finding that his claims lack viability. After carefully reviewing the relevant papers, the Court ACCEPTS the R.&R. and ADOPTS the recommendations and reasoning set forth therein.

Accordingly, Plaintiff's Complaint, ECF No. 1, is DISMISSED. The Application to Proceed without Prepayment of the $400 civil case filing fee, ECF No. 2, Motion for Speedy Trial, ECF No. 9, Motion for Appointment of Counsel, ECF No. 15, Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 16, Motion for Order to Show Cause, ECF No. 20, Motion for Discovery, ECF No. 21, Motion to Amend the Complaint, ECF No. 23, and Petition for Writ of Habeas Corpus, ECF No. 24 are all DENIED as moot.

IT IS SO ORDERED.

*[signature]*
William E. Smith
District Judge
Date: January 26, 2021